UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

**WHIRLPOOL CORPORATION**, *et al.*,

       Plaintiffs,

v.

**THE INDIVIDUALS, BUSINESS ENTITIES
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A"**,

       Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court at an October 30, 2023 Hearing [ECF No. 27] on Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application") [ECF No. 6], filed on October 11, 2023. Plaintiffs allege that Defendants infringe Plaintiffs' trademarks and promote and sell counterfeit versions of Plaintiffs' branded goods through the operation of ecommerce stores under the seller identification names identified on Schedule A[1] (the "E-commerce Store Names"). Among other requests, Plaintiffs ask the Court to enjoin Defendants from producing or selling goods that infringe their trademarks and restrain funds in payment accounts associated with Defendants.

---

[1] For ease of reference, to identify individually Defendants, the Court uses the assigned Defendant Numbers appearing in the left-most column of the table contained in Schedule A.

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

On October 12, 2023, the Court entered a Sealed Order (the "Temporary Restraining Order") [ECF No. 10] granting Plaintiffs' *ex parte* motion for temporary restraining order.[2] Defendants were served with relevant case documents on October 24, 2023.  (*See* Certificates of Service [ECF Nos. 22-1, 23]).  To date, Defendants have failed to file responses and have not requested an extension of time within which to do so.  As discussed below, and for the reasons stated in open Court at the October 30, 2023 Hearing, the Court finds that Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction.

## I.     INTRODUCTION

Plaintiffs raise four claims for relief: (1) trademark counterfeiting and infringement under section 32 of the Lanham Act, 15 U.S.C. section 1051; (2) false designation of origin under section 43(a) of the Lanham Act; (3) unfair competition under Florida common law; and (4) trademark infringement under Florida common law.  (*See* Am. Compl. [ECF No. 21] ¶¶ 52–77). Plaintiffs allege Defendants are promoting, advertising, distributing, offering for sale and selling counterfeit and infringing versions of Plaintiffs' branded products within the Southern District of Florida through the e-commerce stores operating under the E-commerce Store Names identified on Schedule A.  (*See generally id.*).

Plaintiffs allege Defendants' unlawful activities have caused and will continue to cause it irreparable injury because Defendants have (1) deprived Plaintiffs of their right to determine the manner in which their trademarks are presented to the public; (2) defrauded the public into thinking Defendants' goods are authorized goods by Plaintiffs; (3) deceived the public as to Plaintiffs' association with Defendants' goods and the e-commerce stores marketing and selling

---

[2] In issuing the Temporary Restraining Order, the Court delayed consideration of Plaintiffs' request for preliminary injunction until service had been made on Defendants.  (*See* Oct. 12, 2023 Order 17).

the goods; and (4) wrongfully traded and capitalized on Plaintiffs' reputation and goodwill as well as the commercial value of Plaintiffs' trademarks.  (*See generally id.*).

In the Application, Plaintiffs move for the issuance of a preliminary injunction against Defendants for violations of the Lanham Act.  (*See* Appl. 10–14).

## II.    FACTUAL BACKGROUND[3]

1.     Plaintiff, Whirlpool Properties, Inc., is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Whirlpool Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| KITCHENAID | 2,520,284 | December 18, 2001 | IC 037 – installation, repair and maintenance of hand and stand electric beating and mixing machines, coffee making machines, toasters, food processors, blenders, clothes washing and drying machines, dishwashers, refrigerators, freezers, combination refrigerator/freezers, ranges, ovens and surface units, microwave ovens, cooktops, exhaust hoods, ventilating fans, air conditioners, dehumidifiers, wine cellars, water supply units for dispensing cold water and ice from refrigerators, food waste disposers, food waste and trash compactors, ice makers, electrically operated hot water dispensers, and compressors for refrigerators. |
| **KitchenAid** | 2,520,285 | December 18, 2001 | IC 037 – installation, repair and maintenance of hand and stand electric beating and mixing machines, coffee making machines, toasters, food processors, blenders, clothes washing and drying machines, dishwashers, |

---

[3] The factual background is taken from Plaintiffs' Amended Complaint [ECF No. 21], Plaintiffs' Application, and supporting evidentiary submissions.

| | | | |
|---|---|---|---|
| | | | refrigerators, freezers, combination refrigerator/freezers, ranges, ovens and surface units, microwave ovens, cooktops, exhaust hoods, ventilating fans, air conditioners, dehumidifiers, wine cellars, water supply units for dispensing cold water and ice from refrigerators, food waste disposers, food waste and trash compactors, ice makers, electrically operated hot water dispensers, and compressors for refrigerators. |
| WHIRLPOOL | 4,983,312 | June 21, 2016 | IC 011 – water filtration and purification units and replacement cartridges and filters therefor for refrigerators. |
| EVERYDROP | 5,232,741 | June 27, 2017 | IC 011 – refrigerator water filters; water filtration pitchers sold empty and portable water filter bottles sold empty. |
| Whirlpool | 5,921,312 | November 26, 2019 | IC 011 – heating, cooling and ventilating apparatus, namely, furnaces, gas water heaters, conversion burners, heat pumps, air conditioning units, condensing units, evaporator units, evaporator coils, central humidifiers, central air cleaners, furnace boilers and heat exchangers; Clothes drying machines; Refrigerators, freezers, combination refrigerator-freezers; Water softening apparatus and installations, air conditioners, dehumidifiers, cooking ovens, cooking ranges, gas and electric cooktops, microwave ovens for cooking and range exhaust hoods; Freezer chests; Water purification and delivery systems comprising standalone water cabinets; Built-in bottled water dispensing apparatus for hot or chilled water; Domestic water filtration units; Reverse osmosis units for purification of water; Appliances for domestic and commercial use, namely, combination garment wrinkle and odor remover and garment dryer; Apparatus and appliances for domestic |

| | | | use, namely, air purifying units, air filters; Gas and electric water heaters; Water conditioning units, water softening apparatus and installations, water coolers, water chillers, countertop water filtration devices, home water filtration devices and water faucet filters; Refrigerator water filters. |
| --- | --- | --- | --- |
| everydrop | 6,043,859 | April 28, 2020 | IC 011 – refrigerator water filters. |

(*See* Graff Decl. [ECF No. 6-1] ¶ 6). The Whirlpool Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. (*See id*.).

Additionally, Plaintiff, Maytag Properties, LLC, is the owner of the following trademark, which is valid and registered on the Principal Register of the United States Patent and Trademark Office ("Maytag Mark"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
| --- | --- | --- | --- |
| MAYTAG | 5,777,058 | June 11, 2019 | IC 011 – water treatment equipment, namely, water filtration units and reverse osmosis units; water softening apparatus and installations; water purification and filtration apparatus and replacement cartridges and filters therefor. |

(*See* Graff Decl. ¶ 13). The Maytag Mark is used in connection with the manufacture and distribution of high-quality goods in the category identified above. (*See id*.).

Defendants, by operating e-commerce stores under their E-commerce Store Names, have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiffs have determined to be counterfeits, infringements, reproductions, or colorable imitations of the Whirlpool Marks and/or Maytag Mark (collectively "Plaintiffs' Marks"). (*See* Graff Decl. ¶¶ 20–24; Wiborg-Rodriguez Decl. [ECF No. 6-2] ¶ 2; Burns Decl. [ECF No. 6-3] ¶¶ 4–7; Burns

Decl. Composite Ex. 1 [ECF Nos. 6-4 to 6-9]).

Although each Defendant may not copy and infringe each of Plaintiffs' Marks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing each Defendant has infringed, at least, one or more of Plaintiffs' Marks.  (*See* Graff Decl. ¶¶ 20–24; Burns Decl. ¶¶ 4–7; *see generally* Burns Decl. Composite Ex. 1).  Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of Plaintiffs' Marks.  (*See* Graff Decl. ¶¶ 11, 18, 23–24).

Plaintiffs' counsel retained Invisible Inc ("Invisible"), a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiffs' branded products by Defendants and to document the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiffs' branded merchandise through the E-commerce Store Names.  (*See* Graff Decl. ¶ 21; Wiborg-Rodriguez Decl. ¶ 2; Burns Decl. ¶ 3).  Invisible accessed the e-commerce stores operating under the E-commerce Store Names, placed an order from each Defendant for the purchase of a product bearing counterfeits of, at least, one of Plaintiffs' Marks at issue in this action, and requested each product be shipped to the Southern District of Florida.  (*See* Burns Decl. ¶ 4).

Each order was processed entirely online, and following the submission of each order, Invisible finalized payment for each of the products ordered from Defendants via PayPal, Inc. ("PayPal") to Defendants' respective PayPal accounts and/or payee[4] as identified on Schedule "A" hereto.  (*See id.*).  Invisible thereafter received a package from each Defendant containing the product purchased from the respective Defendant's E-commerce Store Name.  (*See* Burns

---

[4] Defendant Numbers 2–105 operate via the non-party Internet marketplace platform, eBay.com, and have their payments processed on their behalf using money transfer and/or retention/processing services with eBay Commerce Inc., who is the designated payment processor for the marketplace. As such, these Defendants' payment information is not publicly disclosed and lists the respective marketplace platform as the payee instead. (*See* Burns Decl. ¶ 4 n.1).

Decl. ¶ 5).  Based upon the shipping origin information, most of the packages utilized and/or originated from a domestic fulfillment center, e-commerce shipping partner, warehouse, and/or storage facility during the shipping process.  (*See* Wiborg-Rodriguez Decl. ¶ 2).  The goods bearing at least one of Plaintiffs' Marks that were purchased and received by Invisible from Defendants via their E-commerce Store Names were transmitted to Plaintiffs' representative for analysis, together with an appropriate Chain of Custody.  (*See* Graff Decl. ¶ 22; Burns Decl. ¶ 5).

Plaintiffs' representative reviewed and visually inspected the goods Invisible purchased and received from Defendants through Internet based e-commerce stores operating under their respective E-commerce Store Names, and determined the products were not genuine versions of Plaintiffs' goods.  (*See* Graff Decl. ¶¶ 23–24).

### III.   LEGAL STANDARD

As stated, Plaintiffs have filed claims under the Lanham Act and Florida common law. (*See generally* Am. Compl.).   Under the Lanham Act, the Court has the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of [Title 15 of the U.S. Code]."  15 U.S.C. § 1116(a) (alteration added).  Injunctive relief is also available for a violation of 15 U.S.C. section 1114(1)(a).  *See id.* § 1116(d)(1)(A).

Additionally, under 15 U.S.C. section 1117(a), a plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through a defendant's distribution and sales of goods bearing counterfeit and infringing trademarks.  *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under [section] 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . .

is an equitable remedy subject to the principles of equity.'" (alteration added; other alterations in original; quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962)).

Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Fed. Trade Comm'n v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433–34 (11th Cir. 1984)).

## IV.    ANALYSIS

The declarations Plaintiffs submitted in support of their Application support the following conclusions of law:

A.    Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of Plaintiffs' Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs' products that bear copies of Plaintiffs' Marks;

B.    Because of Defendants' infringement, Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It appears from the following specific facts, as set forth in Plaintiffs' Amended Complaint, Application, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that:

1.    Defendants own or control commercial Internet based e-commerce stores operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiffs' rights; and

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

2.      There is good cause to believe that more counterfeit and infringing products bearing Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products.

C.      The potential harm to Plaintiffs, their reputation and goodwill as manufacturers and distributors of quality products if such relief is not issued far outweighs the potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued.

D.      The public interest favors issuance of a preliminary injunction to protect Plaintiffs' trademark interests and protect the public from being defrauded by misrepresenting counterfeit and infringing goods as Plaintiffs' genuine goods.

E.      Under 15 U.S.C. section 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of Plaintiffs' Marks.  *See Reebok Int'l, Ltd.,* 970 F.2d at 55.

F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987.

G.      Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## V.     CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. section 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. section 1651(a), and the Court's inherent authority, Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, **[ECF No. 6]** is **GRANTED**.

A preliminary injunction is entered as follows:

1.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of the Court:

    a.   From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using Plaintiffs' Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

    b.   From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing Plaintiffs' Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using Plaintiffs' Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or

held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

2.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiffs' Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the E-commerce Store Names;

3.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiffs' Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by each Defendant, including the Internet based e-commerce stores operating under the E-commerce Store Names;

4.  Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names, and shall take all steps necessary

to retrieve computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Order;

5.   Upon Plaintiffs' request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiffs' the true identities and contact information for that registrant;

6.   Upon receipt of notice of this Order, the authorized representative, officer, managing operator and/or administrator for any fulfillment center, e-commerce shipping partner, warehouse, storage facility, and/or marketplace platform shall immediately, to the extent not already done, cease fulfillment of and sequester Defendants' inventory assets bearing Plaintiffs' Marks presently in its inventory, possession, custody, or control, and impound such goods in trust for the Court during the pendency of this action or until further order of the Court;

7.   Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"); eBay Commerce, Inc. ("eBay"); and their related companies and affiliates – shall, to the extent not already done, take the following actions:

    a.   Immediately identify all financial accounts and/or sub-accounts associated with the e-commerce stores operating under the E-commerce Store Names, the payment accounts, payees, merchant identification numbers, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any accounts of the same customer(s);

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

b.      Identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order;

c.      Restrain the transfer of all funds (as opposed to ongoing account activity), held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and

d.      Immediately divert those restrained funds to a holding account for the trust of the Court.

8.   Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order – including but not limited to, PayPal, eBay, and their related companies and affiliates – shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) to which the restrained funds relate, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained.  No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website – including but not limited to, PayPal, eBay, and their related companies and affiliates – for any purpose, (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court.

9.  Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

10. This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts that are being used by Defendants for the purpose of counterfeiting Plaintiffs' Marks at issue in this action and/or unfairly competing with Plaintiffs;

11. As a matter of law, this Order shall no longer apply to any Defendant or associated e-commerce store dismissed from this action or as to which Plaintiffs has withdrawn their request for a preliminary injunction;

12. Under 15 U.S.C. section 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain its previously posted bond in the amount of $10,000.00 as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court.  In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

13. Additionally, for the purpose of providing additional notice of this proceeding and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the e-commerce stores, and/or financial institutions, payment processors, banks, escrow services, and money transmitters, and marketplace platforms – including but not limited to PayPal, eBay, and their related companies and affiliates – shall, at Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with Defendants' respective E-commerce Store Names;

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

14. This Preliminary Injunction shall remain in effect during the pendency of this action, or until further date as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in Miami, Florida, this 30th day of October, 2023.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

**SCHEDULE A:**
**DEFENDANTS BY NUMBER, E-COMMERCE STORE NAME,**
**RESPECTIVE FINANCIAL ACCOUNT INFORMATION,**
**AND ADDITIONAL E-MAIL ADDRESS**

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 1 | Wrapango.com | Rabat EOOD | 4BS80985FW6325645 | Merchant ID: G2N8W7XPQ7XAW<br><br>PayPal Account: info@wrapango.com<br><br>E-mail Address: contact@wrapango.com |
| 2 | 588_waterfilter | eBay Commerce Inc. | 3GX42856BN130974J | |
| 3 | alme_5989 | eBay Commerce Inc. | 44267870E4544683U | |
| 4 | bingnie-11 | eBay Commerce Inc. | 2XF14870B74686045 | |
| 5 | bof576 | eBay Commerce Inc. | 5EL03890PP993824W | |
| 6 | bozhoushiminfangm0 | eBay Commerce Inc. | 7VT1300027414164G | |
| 7 | brcall8957 | eBay Commerce Inc. | 9DY59282C9654483F | |
| 8 | bt-tek | eBay Commerce Inc. | 0RL24230HG7172442 | |
| 9 | camgenia_0 | eBay Commerce Inc. | 3AU74273TN553913L | |
| 10 | ch580412 | eBay Commerce Inc. | 31S01539RA6204441 | |
| 11 | chacr9764 | eBay Commerce Inc. | 3EH32004TD300493M | |

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 12 | changshashiliuyangshibinwei0 | eBay Commerce Inc. | 0SD52999AS851682U | |
| 13 | changshashiliuyangshidi0 | eBay Commerce Inc. | 6DY08435F5026635M | |
| 14 | changzhiyangcaisha-0 | eBay Commerce Inc. | 3S223023CV268913H | |
| 15 | chengjianshangmao | eBay Commerce Inc. | 53K94223DJ859872X | |
| 16 | chenjian123123 | eBay Commerce Inc | 30B61545VN9193940 | |
| 17 | chongqinglifengyinghua_0 | eBay Commerce Inc | 76062744NP2623131 | |
| 18 | cuopin-27 | eBay Commerce Inc. | 0H968274V4377913R | |
| 19 | danzhoufengchuisha0 | eBay Commerce Inc. | 39534928HD615124U | |
| 20 | ecloude | eBay Commerce Inc. | 7M411771CK916753G | |
| 21 | erngu-22 | eBay Commerce Inc | 4TY05447F52229625 | |
| 22 | esgindustr0 | eBay Commerce Inc. | 74E59793PS798143C | |
| 23 | fandie_10 | eBay Commerce Inc. | 92800301HK425105Y | |
| 24 | fangcunchuanmei | eBay Commerce Inc | 0NU37270R5158320U | |
| 25 | fangzhou2323 | eBay Commerce Inc. | 6D425476M61218849 | |

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 26 | gaozhihao | eBay Commerce Inc. | 9RB68669L0782002K | |
| 27 | gdoox-29 | eBay Commerce Inc. | 6FJ90034VD873464Y | |
| 28 | gl-2142 | eBay Commerce Inc. | 0B504956D7662805 | |
| 29 | goldenlight-0 | eBay Commerce Inc. | 13J758409M052381R | |
| 30 | haikoulijiajiek-0 | eBay Commerce Inc. | 63H39378TW831471L | |
| 31 | haikoululdianzish0 | eBay Commerce Inc. | 9M6563544U996591U | |
| 32 | haikoushibashoudianz0 | eBay Commerce Inc. | 56A32733YA468635C | |
| 33 | haikoushisuibodianzi0 | eBay Commerce Inc. | 4EA642641D808980P | |
| 34 | haikousuxingyuk-0 | eBay Commerce Inc. | 3RL46624PM725184B | |
| 35 | haikouwanghongliangs-0 | eBay Commerce Inc. | 9128750909700461R | |
| 36 | haili1964 | eBay Commerce Inc. | 6HN273704U304772K | |
| 37 | haoranmaoyi | eBay Commerce Inc. | 16M45676E0787633C | |
| 38 | hefeiniuguiwanglu_0 | eBay Commerce Inc. | 35576222NL962615B | |
| 39 | hongkonghuaxianfang0 | eBay Commerce Inc. | 6MV298552C166201B | |

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 40 | howeherc0 | eBay Commerce Inc. | 88X96696PB272911A | |
| 41 | huangzhengmen2323 | eBay Commerce Inc. | 3AS226330D483900N | |
| 42 | jeflor4156 | eBay Commerce Inc. | 0CT54259A3548525W | |
| 43 | jiamianmaoyi | eBay Commerce Inc. | 1JT93295NT583004Y | |
| 44 | jingchuangwaimao | eBay Commerce Inc. | 60590635V9981441M | |
| 45 | kangf42 | eBay Commerce Inc. | 2SX70940DE517911F | |
| 46 | liusimin23232 | eBay Commerce Inc. | 1EN434274H4179313 | |
| 47 | liuyangshixinerke0 | eBay Commerce Inc. | 1UD499708K157200G | |
| 48 | liuyangshiyuweisha-0 | eBay Commerce Inc. | 5TP98608XL723674H | |
| 49 | liuyangshizhunxiangdi-0 | eBay Commerce Inc. | 92C12852PF575060X | |
| 50 | lunpo60 | eBay Commerce Inc. | 6U2711251Y3331726 | |
| 51 | mawa-6953 | eBay Commerce Inc. | 0KV758157U191763F | |
| 52 | mcthan-38 | eBay Commerce Inc. | 0T029755F46203153 | |
| 53 | mengjiying259 | eBay Commerce Inc. | 96942607UD0370511 | |

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 54 | miaoi-73 | eBay Commerce Inc. | 6SP73170UD569243L | |
| 55 | mutuo_87 | eBay Commerce Inc. | 1JF62579GE568241V | |
| 56 | nanningguohuadianzi-0 | eBay Commerce Inc | 2X114925EN717832L | |
| 57 | odreain-43 | eBay Commerce Inc | 49D64718MW078314T | |
| 58 | plusone22 | eBay Commerce Inc. | 4G810725Y77016649 | |
| 59 | puyoushangmao | eBay Commerce Inc. | 26V49779LM002845W | |
| 60 | qen_41 | eBay Commerce Inc. | 4H229819GB1371459 | |
| 61 | rentumaoyi | eBay Commerce Inc. | 4LH26889MJ726623L | |
| 62 | richfulsuc_0 | eBay Commerce Inc. | 26D71082TG497332Y | |
| 63 | rohasha_88 | eBay Commerce Inc. | 1G266704N9183933M | |
| 64 | ruanu_15 | eBay Commerce Inc. | 2AH73291D8235293R | |
| 65 | sanke48 | eBay Commerce Inc. | 36V58538YH821393V | |
| 66 | simmus-72 | eBay Commerce Inc. | 579986485N106352J | |
| 67 | sluney_36 | eBay Commerce Inc. | 66W64081JL158931K | |

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 68 | soce-7957 | eBay Commerce Inc. | 4X56765273074273J | |
| 69 | soughg69 | eBay Commerce Inc. | 04P37122DG347870V | |
| 70 | stad-867 | eBay Commerce Inc. | 9GR535433S022761S | |
| 71 | suizhoushijisendianz_0 | eBay Commerce Inc. | 5GM2385962660553M | |
| 72 | suzhoushijiashiwang-0 | eBay Commerce Inc. | 4WJ21973JV2265006 | |
| 73 | theighs80 | eBay Commerce Inc | 6SL944249A953802V | |
| 74 | thelay5318 | eBay Commerce Inc. | 8S662434YJ097104B | |
| 75 | thypo28 | eBay Commerce Inc. | 4B181948J3993613N | |
| 76 | tianj-6132 | eBay Commerce Inc. | 3F653814TP037151M | |
| 77 | tiantia-99 | eBay Commerce Inc. | 5E1740907E1903030 | |
| 78 | toumz-78 | eBay Commerce Inc. | 1Y371574TT764783B | |
| 79 | tpbi87 | eBay Commerce Inc. | 1V781686904208928 | |
| 80 | venusfilter a/k/a Venusfiltet | eBay Commerce Inc. | 13K72989JL8165738 | |
| 81 | vikf13 | eBay Commerce Inc. | 7SD6587129027031E | |

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 82 | vkrv  7406 | eBay Commerce Inc. | 9DY44732JY181841W | |
| 83 | wangqiang20231 | eBay Commerce Inc. | 7HA75487U11940914 | |
| 84 | wanhet-4 | eBay Commerce Inc. | 23V18065YT8160730 | |
| 85 | weiying-881 | eBay Commerce Inc. | 61K00897N4236005V | |
| 86 | wenfy7 | eBay Commerce Inc. | 44A61306H7339832B | |
| 87 | wil-790488 | eBay Commerce Inc. | 57M02409CB231170S | |
| 88 | wvgor39 | eBay Commerce Inc. | 4VR5274241142472J | |
| 89 | xianz3734 | eBay Commerce Inc. | 02212564PB371400R | |
| 90 | xiao0602 | eBay Commerce Inc. | 9HB0073495533743V | |
| 91 | xuehuimin | eBay Commerce Inc. | 0JX78757UW533452Y | |
| 92 | yangsongheng2323 | eBay Commerce Inc. | 14P61042AU657052J | |
| 93 | yibushangmao | eBay Commerce Inc. | 9TK24457XJ1116101 | |
| 94 | yizhuowaimao | eBay Commerce Inc. | 88E91412DC244463M | |
| 95 | yuantengshangmao | eBay Commerce Inc. | 5ER95812YD537813P | |

CASE NO. 23-61923-CIV-ALTONAGA/Strauss

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Transaction ID | Financial Account Information |
|---|---|---|---|---|
| 96 | yunnanmangyuwanglu0 | eBay Commerce Inc. | 463176111V542280A | |
| 97 | yunnanntingnuanwang0 | eBay Commerce Inc. | 49180032BF3779517 | |
| 98 | yushuangdianpu | eBay Commerce Inc. | 2DU53418T93601323 | |
| 99 | zeze-2467 | eBay Commerce Inc. | 8LA679926C462443N | |
| 100 | zhang_867 | eBay Commerce Inc. | 93T48345ED1407729 | |
| 101 | zhangwenhao3 | eBay Commerce Inc. | 2SD672769R585072N | |
| 102 | zhanzh_9059 | eBay Commerce Inc. | 2UY94852PP8783422 | |
| 103 | zhifanmaoyhi | eBay Commerce Inc. | 8XG998406P7861935 | |
| 104 | zhubaiweimaoyi | eBay Commerce Inc. | 0CB261295M399954L | |
| 105 | zunyimeimeishang_0 | eBay Commerce Inc. | 0LD19156206160948 | |